United States District Court
Southern District of Texas
**ENTERED**
November 19, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **ANIURYS ALVAREZ-BEJAR,** | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-01580** |
| | § | |
| **MARKWAYNE MULLIN, *et al.*,** | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is Petitioner Aniurys Alvarez-Bejar's ("Petitioner") Motion to Inform the Court of Petitioner's Transfer and Removal, (Dkt. 14).

On September 8, 2026, Petitioner filed her Petition for Writ of Habeas Corpus, (Dkt. 1), challenging her detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). (Dkt. 1.) On September 21, 2026, the Court granted Respondents' Motion for Summary Judgment, (Dkt. 12), and dismissed without prejudice Petitioner's Petition for Writ of Habeas Corpus as premature, (Dkt. 1). (Dkt. 11.) On October 14, 2026, Petitioner filed a Motion to Inform the Court of Petitioner's Transfer and Removal. (Dkt. 14.) On November 9, 2026, Respondents filed an advisory, confirming Petitioner's removal to Cuba on September 24, 2026. (Dkt. 16 at 1.)

"A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (citation modified). In the immigration context, the removal of a noncitizen who challenges only the duration or

conditions of his or her detention will typically moot the case because the requested relief can no longer be effectuated by the court. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (unpublished); *Sodipo v. U.S. Dep't of Just.*, 37 F.3d 629 (5th Cir. 1994) (unpublished); *Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002). However, there are exceptions to mootness when the noncitizen can show that she would suffer collateral consequences because of the challenged detention or when there is a possibility for the challenged detention to recur in the future. *See, e.g.*, *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986); *Rosales-Garcia v. Holland*, 322 F.3d 386, 395–97 (6th Cir. 2003).

Here, Petitioner was removed from the United States on September 24, 2026. (*See* Dkt. 14; Dkt. 16 at 1.) Petitioner's Petition for Writ of Habeas Corpus, (Dkt. 1), is moot because she has now been released from confinement in DHS custody and there is no possible relief to be effectuated.

Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Petitioner's Motion to Inform the Court of Petitioner's Transfer and Removal, (Dkt. 14). The Court now enters final judgment. The Clerk is hereby **DIRECTED** to terminate the case and all pending motions.

IT IS SO ORDERED.

SIGNED this November 19, 2026.

Diana Saldaña
United States District Judge